## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| Clark D. Stuart and Anita M. Stuart, Individuals residing in the Town of Raymond, County of Cumberland, State of Maine , <br><br> Plaintiffs, <br><br> v. <br><br> Mortgage Electronic Registration Services, Inc., a Virginia corporation with a place of business at 1818 Library Street, Reston, Virginia, <br><br> and <br><br> Nationstar Mortgage LLC, a Delaware limited liability company having a place of business at 350 Highland Drive, Lewisville, TX, <br><br> and <br><br> CitiMortgage, Inc., a corporation with a place of business in O'Fallon, MO <br><br> Defendants. | CASE NO. |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNTIED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS")[1] and Nationstar Mortgage LLC ("Nationstar"), hereby remove to this Court the above-captioned action. In support of this Notice, MERS and Nationstar state as follows:

1. On or about May 25, 2017, the Plaintiffs, Clark D. Stuart and Anita M. Stuart (the "Plaintiffs"), commenced this lawsuit in the Cumberland Superior Court, Portland, Maine. The

---

[1] MERS is erroneously named as Mortgage Electronic Registration Services, Inc., in the Complaint. MERS is a Delaware Corporation.

caption of the Complaint is as follows: <u>Clark D. Stuart and Anita M. Stuart v. Mortgage Electronic Registration Services, Inc., Nationstar Mortgage, LLC and CitiMortgage, Inc.</u>, Cumberland Superior Court, Civil Action No. PORSC-CV-2017-144.

2. This Notice of Removal is timely because it is filed within 30 days of service of the Summons and Complaint on MERS and Nationstar as prescribed by 28 U.S.C. §1446(b). *See, e.g., Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend"). Defendant Nationstar was served on June 1, 2017, and MERS was served on June 6, 2017. Copies of the summons as served upon MERS and Nationstar are attached as Exhibits 1 and 2.

## A.      DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C. §1332(A)

3. The United States District Court for the District of Maine has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and amount in controversy.

4. First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a). According to their Complaint, Plaintiffs Clark D. Stuart and Anita M. Stuart ("the Stuarts") upon information and belief reside at 10 Egypt Road, Raymond, Cumberland County, Maine. *See*, Ex. A, ¶ ¶ 1-2. Therefore, Plaintiffs are citizens of Maine.

5. Defendant Nationstar Mortgage LLC is a Delaware limited liability company with a principal place of business in Coppell, Texas. The citizenship of a limited liability company is determined by the citizenship of its members. *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir.2009). *See, e.g., Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay*

2

*Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006) ("every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all its members.").

6. Nationstar's members are Nationstar Sub 1, LLC and Nationstar Sub2, LLC which are both wholly-owned subsidiaries of Nationstar Mortgage Holdings, Inc, a Delaware corporation with its principal place of business in Texas. Accordingly, Nationstar is a citizen of the state of Delaware for purposes of determining diversity jurisdiction. *See, e.g., Pickens v. U.S. Bank Nat. Ass'n*, 2013 WL 866171 at *5 (N.D. Tex. Jan. 8, 2013) ("Defendant Ocwen, a limited liability company, has citizenship of its members in Florida and Georgia.").

7. Defendant Mortgage Electronic Registration Systems, Inc. is a corporation incorporated in Delaware with a principal place of business in Virginia. Accordingly, MERS is a citizen of the state of Delaware and Virginia.

8. At the time this action was filed and as of the date of this Notice, Defendant CitiMortgage, Inc. is a New York corporation with a principal place of business in Missouri. It is therefore a citizen of New York and Missouri for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

9. Second, the amount in controversy exceeds $75,000.00. In their Complaint, Plaintiffs assert eight (8) causes of action against the Defendants including, *inter alia*, to quiet title to the property known as 10 Egypt Road, Raymond, Cumberland County, Maine ("Property"); negligence based causes of actions, ort claims, declaratory judgment, punitive damages and attorneys' fees arising from a residential mortgage loan originally provided to the Plaintiffs in the amount of $377,300.00. *See*, Ex.A generally; *See also*, ¶12).

10.      According to the official property tax records of the Town of Raymond, Maine, the Property has a tax-assessed value of $354,500.00. *See* 

*http://www.mygovnow.com/raymto/Invision/assessing/index.htm* (as accessed June 21, 2017).

300098069v1 A3058

11.     "[I]f the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Reye v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010).  Thus, the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

12.     Moreover, as the Plaintiff seeks nonmonetary relief, the Defendants may state the amount in controversy on removal for jurisdictional purposes. *See* 28 U.S.C. § 1446(c)(2) (stating that the notice of removal may state the amount in controversy if the initial pleading seeks nonmonetary relief).

13.     The Mortgage loan at issue in the Plaintiff's Complaint has an original principal balance of $377,300.00 which can be the basis of the amount in controversy for diversity jurisdiction purposes. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-12 (1st Cir. 2012) (holding that loan amount constitutes amount in controversy in cases where complaint seeks to invalidate a loan secured by mortgage or enjoin foreclosure); *McLarnon v. Deutsche Bank National Trust Company*, C.A. 15-11799-FDS, 2015 WL 4207127, at *3 (D. Mass. July 10, 2015) (holding that amount in controversy can be determined by the face value of the loan in question); *Larace v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d. 147, 151 (D. Mass. 2013) ("[I]t is reasonable to designate the amount in controversy as the value of the mortgage, since Plaintiffs' petition does not specify a damage amount and Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful.").

14.     The fair market value of the property may also be used to establish the amount in controversy. *See Bedard v. Mortgage Elec. Registration Sys., Inc.*, No. 11-CV-117-JL, 2011 WL

4

1792738, at *2 (D.N.H. May 11, 2011); *Neenan v. CitiMortgage, Inc.*, No. 13-CV-435-JD, 2013 WL 6195579, at *2 (D.N.H. Nov. 26, 2013).

15. Defendants need only establish by a preponderance of the evidence that the value of the property exceeds $75,000. *See Bedard*, 2011 WL 1792738 at *2.

16. When, as here, a plaintiff seeks to enjoin a foreclosure, the original amount of the loan and the amount still owed is one acceptable measure (among others) to determine the amount in controversy for diversity jurisdiction. *See McKenna*, 693 F.3d at 213.

17. In *Bedard*, the court found that the amount in controversy was met because it was more likely than not that a property for which the plaintiff had borrowed $100,000.00 in 2006 was worth more than $75,000 in 2011. *Id.*

18. According to Zillow.com, which has an informal estimate of the value of the Property, the Property is worth $397,200.00. *See* https://www.zillow.com/homes/10-Egypt-Rd,-Raymond,-ME-04071_rb/ (as accessed June 21, 2017).

19. Accordingly, because the original amount of the Note and the estimated value of the Property, as well as the tax assessed value of the Property all far exceed $75,000.00, this Court has jurisdiction over this action based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

20. In accordance with 28 U.S.C. 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs and will be filed with the Clerk of Courts for the Cumberland County Superior Court, following the filing of this notice.

21. Defendant CitiMortgage, Inc. consents to this Notice of Removal and does not waive any defenses, objections or motions available to CitiMortgage, Inc. under state or federal law.

5

300098069v1 A3058

WHEREFORE, for the reasons set forth, the Defendant, Mortgage Electronic Registration Systems, Inc. and Nationstar Mortgage, LLC and respectfully request that the action now pending against the Defendants in the Cumberland County Superior Court for the State of Maine be removed to the United States District Court for the District of Maine.

Respectfully submitted,

Attorneys for Defendants,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
NATIONSTAR MORTGAGE, LLC

By: Its Attorneys


*/s/ Paula-Lee Chambers*
Paula-Lee Chambers, #004724
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
pchambers@hinshawlaw.com

Dated:      June 21, 2017

## CERTIFICATE OF SERVICE

I, Paula-Lee Chambers, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 21, 2017.


*/s/ Paula-Lee Chambers*
Paula-Lee Chambers

6

300098069v1 A3058